ANDRÉS AYBAR ET AL., Plaintiffs and Appellants, *v.* NATALIA VARA SMITH ET AL., Defendants and Appellees.

No. 7270.   Argued March 10, 1937.—Decided March 31, 1937.

Appellants appeared in person.   *M. Rivera de la Vega* for appellees.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

In the instant case the appellants requested that the name of Attorney M. Rivera de la Vega and the brief filed by him be stricken from the record, because said attorney lacked legal authority to represent the defendants. It is claimed that said attorney has no direct and express authority from his supposed clients to represent them in this suit. Reference is made to a conspiracy planned and contrived two years ago by Attorney F. de la Torre, in common agreement with Mr. Rivera de la Vega, and it is maintained that the defendants-appellees are fictitious persons, invented by the first of the above-named attorneys.   No evidence was offered to support these contentions.   The motion filed by the

appellants was not even verified. The legal presumption that an attorney who appears in the name of a client is authorized by the latter to assume such representation has not been controverted. In view of this lack of evidence, the appellants' motion must be denied.

We must add that the lower court, on November 23, 1935, rendered a decision stating that, after having examined the oral and documentary evidence offered by Attorney Manuel Rivera de la Vega, said attorney has full authority from the attorney in fact of the defendants in Puerto Rico, to appear in this suit in their behalf.

The plaintiffs have brought this action to obtain the nullity and cancellation of the record made in favor of the defendants in the registry of property of an urban property which is described in the complaint. The defendants filed a demurrer on the ground of *res judicata,* claiming that the facts alleged clearly show that the question raised had been definitely decided in a former suit between the same parties. The allegations which gave rise to said demurrer are the following:

"That on June 3, 1918, Attorneys F. de la Torre and José Ramírez Santibáñez, without any legal authority, filed in the District Court of San Juan, First Section, a complaint designated with number 10605, praying for the annulment of the record of the property described at the beginning of this complaint, against Cristina Marta and Guillermo Smith Delgado, wherein Carmen Smith Aybar appears as one of the plaintiffs, when as a matter of fact said lady was dead at that time and hence could not appear in court.

"That in said suit the present plaintiffs, Andrés and Luciana Aybar Muñoz filed a complaint in intervention numbered 10605, setting forth the right they now claim, and the default of said Carmen Smith Aybar and Natalia Vara Smith in said suit was entered; but due to an oversight of the attorneys for the present plaintiffs, and with the consent of the defendants Cristina Marta Smith and Guillermo Smith Delgado, judgment was rendered in favor of said Carmen Smith Aybar and Natalia Vara Smith, and the house at No. 10 of San José Street was recorded in their names.

"That subsequently the defendants herein, Pilar Moreno Smith, Concepción Sala Smith, and María de la Gloria Sala Smith, by means of false and fraudulent representations and pretending to be the daughters and heirs of Mrs. Carmen Smith Aybar, when scarcely four years had elapsed since she had appeared in said complaint, taking advantage of the fact that they had the same name, surprised the Registrar of Property of San Juan, First Section, and, by presenting to him a false will, obtained the record in their favor of a part of the property described in the fifth paragraph of this complaint, which belongs exclusively to the plaintiffs.

"That the other defendant, Natalia Vara Smith, after obtaining the record of the property described in this complaint by virtue of the judgment mentioned in paragraph 12 of this complaint and fraudulently representing herself to be a daughter of Carolina Smith Aybar and therefore a granddaughter of Mr. Guillermo Smith Junco, also represented herself to be the heir of her supposed parents, Felipe Vara Sáez and Carolina Smith Aybar, and accordingly she recorded in the Registry of Property of San Juan, First Section, a false will and prosecuted in the District Court of San Juan, Second Section, several proceedings for declaration of heirship numbered 3690—91—92—93—using false documents, when the truth is that said Natalia Vara Smith is not a daughter or heir of said Felipe Vara Sáez and Carolina Smith Aybar, as the latter had no children."

The lower court sustained the exception of *res judicata*, based on the allegations of the complaint. It may be that the court *a quo* was not completely incorrect in sustaining this demurrer as to the identity of actions and of parties, even though the facts alleged are somewhat doubtful on this point; but we must not forget that the complaint contains allegations of fraud, it being alleged that Carmen Smith Aybar had died before the former suit was brought on June 3, 1918, and that the attorneys who filed this suit had no legal authority to do so from their supposed clients. These facts, which we must admit as if they had been proved, prevent, in our judgment, the application to this case of the doctrine of *res judicata,* on the basis of the allegations of the complaint.

Concerning Pilar Moreno Smith, Concepción Sala Smith, and María de la Gloria Sala Smith, it is also claimed by the plaintiffs that the former fraudulently represented themselves to be the daughters and heirs of Carmen Smith Aybar in order to record in their names a part of the property the object of this suit. Similarly as to Natalia Vara Smith, who it is alleged fraudulently represented herself to be the daughter of Carmen Smith Aybar and Felipe Vara Sáez, when the truth was that the said Natalia Vara Smith was not the daughter or heir of said spouses.

We agree that the plaintiffs have confined themselves to a prayer for the annulment and cancellation of the existing record of the urban property in favor of the defendants; but, since facts are alleged in the complaint which if true would result in the nullity of the judgment rendered in the former suit, we do not think that such a judgment, void according to the allegations, can serve as a basis for holding that the plaintiffs are precluded from bringing the present suit by virtue of the judgment rendered in the former action. The latter, according to the complaint, was decided in favor of the plaintiffs, and if the nullity and cancellation of the record in the registry was decreed in favor of the then defendants and the property was recorded in the name of the plaintiffs, the court necessarily must pass upon the validity of the judgment rendered in order to annul and cancel the record and to order that the property be recorded instead in the name of the plaintiffs.

There are decisions which hold that a judgment obtained by fraud is void and can not have any conclusive effect as between the parties. *Central Trust Co.* v. *Bridges,* 57 F. 753. The judgment must have been rendered in an honest and genuine suit and not in a fraudulent or fictitious one. *Andes* v. *Ely,* 158 U. S. 312. Other decisions hold that a judgment obtained by fraud or collusion is not void but only voidable, and that it constitutes *res judicata,* unless it has been vacated or annulled in a direct proceeding. *Hutchinson Co.* v. *Cough-*

*lin,* 42 Cal. A. 664, 184 P. 435. See also 34 C. J. pages 769, 900, and 901.

We think that in the instant case, no matter what doctrine is applied, a demurrer on the ground of *res judicata* does not lie and should not be sustained on the basis of the existence of a judgment which has been fraudulently obtained according to the allegations of the complaint. If the facts alleged are true, and they must be considered as true for the purposes of the demurrer, the judgment rendered in the former suit is entirely void, and we fail to see how the conclusion can be reached that a judgment so rendered constitutes a bar for the exercise of a new action by the plaintiffs.

The judgment appealed from must be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.